IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BRUCE A. DAVIS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | CIVIL ACTION FILE NO. |
| : | 1:14-cv-03268-WSD-AJB |
| **MORTGAGE ELECTRONIC** : | |
| **REGISTRATION SYSTEMS,** : | |
| **INC., and U.S. BANK** : | |
| **NATIONAL ASSOCIATION** : | |
| *As Successor Trustee to Bank of* : | |
| *America, N.A., As Successor By* : | |
| *Merger to Lasalle Bank, N.A.,* : | |
| *As Trustee for Merrill Lynch* : | |
| *First Franklin Loan Trust,* : | |
| *Mortgage Loan Asset Backed* : | |
| *Certificates, Series 2007-2,* : | |
| : | |
| **Defendants.** : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

This matter is presently before the Court on Defendants' motion to dismiss the original complaint, [Doc. 4]; Plaintiff's motion for oral argument on the motion to dismiss, [Doc. 6]; Defendants' motion to dismiss the amended complaint, [Doc. 10]; and Plaintiff's motion to remand the matter to state court, [Doc. 12]. For the reasons set forth below, the undersigned **RECOMMENDS** to the District Judge that the motion

AO 72A
(Rev.8/82)

to remand be **DENIED**, [Doc. 12]; the motion to dismiss the original complaint and the motion to hold oral argument on that motion be **DENIED AS MOOT**, [Docs. 4, 6]; and the motion to dismiss the amended complaint be **GRANTED**, [Doc. 10].[1]

## I.  *Background* [2]

On January 4, 2007, Plaintiff Bruce A. Davis obtained a residential mortgage loan from First Franklin Financial Corp. ("First Franklin") for the purchase of residential property located at 1807 Jacksons Creek Drive, Marietta, Georgia 30068 (the "Property"). [Doc. 7 ¶ 7]. In connection with the loan, Plaintiff executed a

---

[1] Out an abundance of caution, the undersigned presents the remand conclusion as a recommendation because it is not clear that a magistrate judge has the authority to order remand under 28 U.S.C. § 636(b)(1)(A). "The Eleventh Circuit has not spoken on this issue." *REO Processing, LLC v. Howell*, No. 1:09-cv-1777-JOF, 2009 WL 3273837, at *1 (N.D. Ga. Oct. 7, 2009); *accord Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1272-73 (N.D. Ala. 2004) (also noting that a number of district courts have presumed that remand orders are nondispositive). However, those Circuit Courts that have addressed the issue have determined that a remand order is beyond the statutory authority of a magistrate judge. *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008) (joining the Third, Sixth, and Tenth Circuits in holding that a magistrate judge does not have the authority to enter a remand order because a remand is the functional equivalent of a motion to dismiss). Because this Court's resolution of the remaining motions is appropriate only if the District Judge agrees that the case should not be remanded, the undersigned's conclusions as to those motions—dispositive and nondispositive alike—are presented as recommendations as well.

[2] For the purposes of this Report and Recommendation, the Court presumes that the amended complaint's well-pleaded factual allegations are true.

promissory note and a deed to secure debt in favor of First Franklin. [Doc. 7 ¶ 8]. The deed to secure debt names Mortgage Electronic Registration Systems, Inc. ("MERS") as a separate corporation acting solely in the capacity as nominee for First Franklin and its successors and assigns and as the grantee of the deed to secure debt. [Doc. 7 ¶ 9]. MERS executed an assignment in favor of U.S. Bank National Association ("U.S. Bank") on September 9, 2009.[3]  [Doc. 7 ¶ 10].

In or about November 2012, U.S. Bank published and mailed a notice of sale under power to Plaintiff, stating that a non-judicial foreclosure sale would be conducted against the Property on December 4, 2012. [Doc. 7 ¶ 16]. U.S. Bank conducted a non-judicial foreclosure sale of the Property on December 4, 2012. [Doc. 7 ¶ 17].

Plaintiff, who is represented by counsel, filed an action against MERS; U.S. Bank; WRI Property Management, LLC ("WRI"); and Colfin AI-GA1 ("Colfin") in the Superior Court of Cobb County, Georgia, on October 23, 2013.[4] [Doc. 1-1 at 4]. After significant pretrial litigation, on October 10, 2014, the defendants remaining in the matter removed the case to this Court, representing that on September 10, 2014, the

---

[3]   The assignment was recorded at Deed Book 14728, Page 5082, of the Cobb County, Georgia, real estate records. [Doc. 7 ¶ 10].

[4]   The Superior Court of Cobb County assigned the matter Civil Action No. 13-1-9200-33. [Doc. 1-1 at 4].

3

state court dismissed WRI and Colfin, who were citizens of Georgia, and thus made the case newly removable upon grounds of diversity-of-citizenship jurisdiction. [Doc. 1 at 2-4; *see also* Doc. 1-3 at 16-17].

Upon removal, the Clerk docketed a motion to dismiss for failure to state a claim, [Doc. 4], and a motion for oral argument that Plaintiff filed with regard to the motion to dismiss, [Doc. 6], as pending motions and also docketed an amended complaint, [Doc. 7]. On October 17, 2014, MERS and U.S. Bank filed a motion to dismiss the amended complaint, [Doc. 10], and on November 9, 2014, Plaintiff filed a motion to remand the matter to state court, [Doc. 12]. On November 22, 2014, MERS and U.S. Bank filed a response in opposition to the motion to remand. [Doc. 13]. Plaintiff did not file a response to the motion to dismiss the amended complaint or file a reply in support of his motion to remand. (*See* Dkt.). The briefing period on all of the motions having expired, the undersigned now enters this Report and Recommendation for the District Judge's consideration.

## II.     *Motion to Remand*

Plaintiff argues that the removal was procedurally improper and therefore due to be remanded to the Superior Court of Cobb County. [Doc. 12]. Specifically, he avers that the Superior Court orally dismissed Colfin during a hearing several weeks before the written order of dismissal was entered on September 10, 2014, and that the notice of removal was therefore untimely. [*Id*. at 2]. He further contends that U.S. Bank and MERS violated 28 U.S.C. § 1446(a) by failing to file a copy of the hearing transcript in conjunction with their notice of removal but that he ordered the transcript and would provide it to the Court as soon as it became available. [*Id*. at 2-3].

MERS and U.S. Bank oppose the motion to remand. [Doc. 13]. They contend that although the parties appeared in Cobb County Superior Court on August 13, 2014, no hearing occurred, and thus there was no transcript to procure or file. [*Id*. at 2 & n.1]. They further represent that after the call of calendar, Plaintiff and Colfin reached an agreement to drop a pending motion if Plaintiff would consent to dismissal of Colfin and WRI; when the parties announced the proposal, the judge asked them to submit a proposed order; and there was no order of dismissal entered until the parties' proposed order dismissing Colfin and WRI was approved and entered on September 10, 2014. [*Id*. at 2-3].

Plaintiff did not file a reply brief. (*See* Dkt.). He also failed to file a copy of the promised transcript, proof of a state-court docket entry indicating that the court had orally dismissed Colfin and WRI from the case, or even an affidavit testifying to the factual representations contained in his brief. (*See* Dkt.).

Where a party's motion relies upon allegations of fact, that party is responsible for providing the Court with proof of those allegations. *See* LR 7.1A(1), NDGa. Because Plaintiff has not filed any proof that Colfin and WRI were dismissed from the matter prior to the state court's entry of the written order on September 10, 2014, he has provided the Court with no basis upon which to find in his favor. Moreover, although MERS and U.S. Bank do not argue the point, the Court finds it noteworthy that Plaintiff's motion to remand alleges only that Colfin had been orally dismissed from the case prior to the entry of the September 10 order, [Doc. 12 at 2], yet the amended complaint represents that WRI was a citizen of Georgia as well, [Doc. 7 ¶ 3]. Consequently, even if the Court presumed that the factual allegations in Plaintiff's motion to remand were true, they still would not show that diversity-of-citizenship jurisdiction had been created prior to September 10 and that the notice of removal was therefore untimely.

AO 72A
(Rev.8/8
2)

For these reasons, the undersigned **RECOMMENDS** to the District Judge that he **DENY** Plaintiff's motion to remand the matter to the Superior Court of Cobb County. [Doc. 12].

### III. *Motion to Dismiss the Original Complaint*

As noted above, a motion to dismiss the original complaint, [Doc. 4], and a motion for oral argument on that motion, [Doc. 6], were docketed by the Clerk of this Court at the time of removal. Finding it unclear whether the motion to dismiss the original complaint indeed remained pending, the Court directed MERS and U.S. Bank (hereinafter, "Defendants") to file a status report regarding the motion. [Doc. 9 at 3]. In the status report Defendants filed in response to the Court's Order, they stated that they believed that the amended complaint was the operative pleading in the matter and that their motion to dismiss the amended complaint replaced and mooted the motion to dismiss the original complaint. [Doc. 11 ¶¶ 2-3].

In light of this status report, it appears that Defendants have effectively withdrawn their motion to dismiss the original complaint. Additionally, the undersigned agrees that the amended complaint is the operative pleading and that the motion to dismiss the amended complaint supercedes and moots the motion to dismiss the original complaint. *See Malowney v. Fed. Collection Deposit Grp.*,

7

193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."); *Renal Treatment Ctrs.–Mid-Atlantic, Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC*, No. 608CV87, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (noting that a pleading superseded by an amended complaint was "entirely irrelevant," and therefore concluding that the motion to dismiss the original pleading was moot); *Mizzaro v. Home Depot, Inc.*, No. Civ. A. 1:06-CV-11510, 2007 WL 2254693, at *3 (N.D. Ga. July 18, 2007) (Evans, J.) (dismissing as moot a motion to dismiss addressing the original complaint following defendants' acceding to the filing of an amended complaint).

Accordingly, the undersigned **RECOMMENDS** that the motion to dismiss the original complaint be **DENIED AS MOOT**. [Doc. 4]. Likewise, because the motion for oral argument seeks argument on a mooted motion, the undersigned **RECOMMENDS** that the motion for oral argument also be **DENIED AS MOOT**. [Doc. 6].

8

## IV.   *Motion to Dismiss the Amended Complaint*

The amended complaint raises a single count, alleging wrongful foreclosure. [Doc. 7]. Plaintiff contends that U.S. Bank owed him a duty to exercise the power of sale contained in the security deed fairly and in good faith and that it breached the duty by "exercis[ing] the power of sale without being the holder or grantee of the Instrument" and "fail[ing] to exercise[] the power in accordance with its terms and conditions." [*Id.* ¶¶ 20-21]. As relief, Plaintiff seeks a declaration setting aside the foreclosure sale and declaring it null and void; damages; attorneys' fees; and costs and expenses of litigation. [*Id.* at 6].

Defendants argue that the amended complaint is due to be dismissed for failure to state a plausible claim for relief. [Doc. 10]. They contend that Plaintiff's claims rely on an incorrect assertion of law: that MERS lacked the power to transfer the security deed and therefore could not have assigned it to U.S. Bank. [Doc. 10-1 at 3, 6-8]. They also point out that Plaintiff has not alleged that he made the required payments on the loan and that his allegation that he "was not in default with U.S. Bank" is a legal conclusion that relies on his theory that U.S. Bank did not receive assignment of the security deed. [*Id.* at 3-4]. Additionally, Defendants contend that even if Plaintiff's legal conclusions as to MERS's ability to effect an assignment were correct, his

9

inability to plead tender precludes him from requesting equitable relief or establishing the causation element of a wrongful foreclosure claim. [*Id*. at 8-9]. Defendants further argue that Plaintiff's claims still rest on a faulty-assignment theory, which, as a non-party to the assignment, Plaintiff does not have standing to raise. [*Id*. at 9-12]. Defendants also suggest that this lawsuit is simply a means by which Plaintiff has sought to delay dispossession of the Property despite his longstanding failure to make loan payments to anyone. [*Id*. at 12-13].

As noted above, Plaintiff did not file a response to the motion to dismiss the amended complaint. (*See* Dkt.). The Local Rules of this Court provide generally that "[f]ailure to file a response shall indicate that there is no opposition to the motion." LR 7.1B, NDGa. Be that as it may, a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim may not be granted simply because the plaintiff failed to file a response. *Daniel v. United States*, 891 F. Supp. 600, 602 n.1 (N.D. Ga. 1995) (Hull, J.); *see also Rex v. Monaco Coach*, 155 Fed. Appx. 485, 485 (11th Cir. Nov. 21, 2005) (per curiam) (finding abuse of discretion where district court dismissed plaintiffs' complaint for failure to respond to motion to dismiss without making finding regarding pattern of delay or willful contempt). Thus, the Court looks to the merits of Defendants' motion to dismiss.

10

### *A.     Legal Standard*

To avoid dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the factual allegations of a complaint must generally be taken as true when ruling on a motion to dismiss, a court should not accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). While a complaint need not contain detailed factual allegations, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *accord Iqbal*, 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are "not entitled to the assumption of truth."). Rather, plaintiffs are required to make factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin.*

AO 72A
(Rev.8/8
2)

*Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (internal quotation marks omitted).

### B.   Discussion

Having carefully reviewed the amended complaint, the only basis the Court can discern for Plaintiff's wrongful foreclosure claim is Plaintiff's apparent theory that U.S. Bank did not receive assignment of the security deed and the attendant right to foreclose on the Property because MERS remained "nominee" on the security deed after the assignment to U.S. Bank and therefore did not part with "control and dominion" over the Property.  [*See* Doc. 7 ¶¶ 11-15, 17-18, 21].  The undersigned agrees with Defendants that this theory does not give rise to a reasonable presumption that U.S. Bank did not have the right to foreclose on the Loan.

As Defendants point out, Georgia courts and judges in this District have expressly rejected the argument that MERS cannot, as grantee and nominee of the original lender, effect assignment of a security deed.  [Doc. 10-1 at 7 (citing *Larose v. Bank of Am., N.A.*, 321 Ga. App. 465, 467-68, 740 S.E.2d 882, 884 (2013) ("Larose granted MERS the full power to assign the property to a third party . . . , and his argument that the assignment was invalid is without merit."); *Montgomery v. Bank of Am.*, 321 Ga. App. 343, 344-45, 740 S.E.2d 434, 437 (2013) (holding that "the security

12

deed expressly conveyed title to the interests in the security deed to MERS, gave MERS the right to invoke the power of sale, and authorized MERS to assign its rights and interests in the security deed")); *Brown v. Fannie Mae*, Civ. Action File 1:10-CV-03289-TWT-GGB, 2011 U.S. Dist. LEXIS 31478, at *16 (N.D. Ga. Feb. 28, 2011) (Brill, M.J.) (holding that a security deed naming MERS as grantee and nominee for the lender gave MERS the right to exercise all of the interests granted by the security deed), *adopted at* 2011 U.S. Dist. LEXIS 31471 (N.D. Ga. Mar. 24, 2011) (Thrash, J.)].[5] *See also Dunn v. BAC Home Loan Servs., L.P.*, Civ. Action File No. 1:12-CV-1047-TWT, 2013 WL 1755808, at *2 (N.D. Ga. Apr. 23, 2013) (Thrash, J.) (noting that "Georgia courts have approved of MERS acting as a conduit for electronic transfers of mortgage loans") (citing *Taylor*,

---

[5] Defendants also cited an opinion issued in *The Harpagon Co., LLC v. Moore*, Civ. Action No. 2009CV167758 (Fulton Sup. Ct. Feb. 1, 2011). [Doc. 10-1 at 7]. They did not, however, file a copy of the unpublished opinion with the Court, and therefore the opinion, which is not accessible by electronic means, will not be considered. *See Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1278 n.4 (M.D. Fla. 2005) (noting that although reliance on unpublished opinions is not favored, litigants may cite unpublished opinions as persuasive authority provided that a copy of the opinion is attached to the brief); *English v. Capital Risk Mgmt., Inc.*, No. CIV. A. 01-D-659-S, 2001 WL 910412, at *1 n.3 (M.D. Ala. Aug. 8, 2001) (stating that the defendants should have attached a copy of the unpublished order they relied upon "if they harbored any hopes that the court would give it any consideration.").

*Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848 n.1, 583 S.E.2d 844, 845 n.1 (2003)); *Nicholson v. Onewest Bank*, Civ. Action No. 1:10-CV-0795-JEC-AJB, 2010 WL 2732325, at *3-4 & n.3 (N.D. Ga. Apr. 20, 2010) (Baverman, M.J.) (rejecting plaintiff's argument that assignment of security deed by MERS as nominee for the lender was improper), *adopted at* 2010 WL 2732329 (N.D. Ga. June 7, 2010) (Carnes, J.). Plaintiff points to nothing in the security deed that might distinguish those cases from the matter at hand. [*See* Doc. 7, *passim*]. Thus, because Plaintiff's claim rests on his assertion that MERS—grantee and nominee of the original lender—was, as a matter of law, powerless to effect assignment of the security deed, his claim is without merit.

Additionally, Defendants' argument regarding Plaintiff's lack of standing to challenge the assignment appears to be well grounded. [Doc. 10-1 at 9-11]. In response to a substantially identical argument raised in another wrongful-foreclosure action, the Georgia Court of Appeals explained that "[e]ven if we were to assume, for the purposes of argument, that . . . execution of the assignment on behalf of MERS was flawed, the proper party to bring a claim against MERS would be the other party to the assignment" and that the borrower had "no basis to contest the validity of the assignment." *Montgomery*, 321 Ga. App. at 346, 740 S.E.2d at 438. The Eleventh

AO 72A
(Rev.8/82)

Circuit has since affirmed District Court decisions dismissing such wrongful-foreclosure claims for lack of standing.  *See, e.g., Cornelius v. Bank of Am., NA*, 585 Fed. Appx. 996, 999 (11th Cir. Sept. 25, 2014) (per curiam) (citing *Montgomery*, *id.*); *Edward v. BAC Home Loans Servicing, L.P.*, 534 Fed. Appx. 888, 891 (11th Cir. Aug. 16, 2013) (per curiam) (same).

For these reasons, the undersigned concludes that Plaintiff has not—and cannot—allege a plausible claim for wrongful foreclosure.[6] Rather, given the contrived nature of the amended pleadings, the cursory presentation of the motion to remand, Plaintiff's failure to file a response to the motion to dismiss, and Plaintiff's failure to allege tender, it does indeed appear to the Court that the purpose of the lawsuit is not to pursue Plaintiff's claims but instead is simply to delay his dispossession of the Property.  Consequently, the undersigned **RECOMMENDS** to the District Judge that he **GRANT** Defendants' motion to dismiss the amended complaint.  [Doc. 10].

---

[6] The Court therefore need not reach the remainder of Defendants' arguments.

15

## V. *Conclusion*

For the reasons discussed herein, the undersigned **RECOMMENDS** to the District Judge that the motion to remand be **DENIED**, [Doc. 12]; the motion to dismiss the original complaint and the motion to hold oral argument on that motion be **DENIED AS MOOT**, [Docs. 4, 6]; and the motion to dismiss the amended complaint be **GRANTED**, [Doc. 10].

Because this case presents no other issues referred to Magistrate Judges pursuant to Standing Order 14-01, the undersigned **DIRECTS** the Clerk to **TERMINATE** reference to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this 17th day of March, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)