IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRUCE A. DAVIS,

　　　　　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　1:14-cv-3268-WSD

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
and U.S. BANK NATIONAL
ASSOCIATION,

　　　　　　　　　Defendants.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's

Final Report and Recommendation [14] ("R&R"), which recommends that

Mortgage Electronic Registration Systems, Inc.'s ("MERS") and U.S. Bank

National Association's ("U.S. Bank")[1] (collectively, "Defendants") Motion to

Dismiss [4] Plaintiff Bruce A. Davis's ("Plaintiff") original Complaint, and

Plaintiff's Motion for Oral Argument [6], be denied as moot.[2]  The R&R also

---

[1]　　　The Court notes that Defendant is U.S. Bank, as Successor Trustee to Bank
of America, N.A., as Successor by Merger to Lasalle Bank, N.A., as Trustee for
Merrill Lynch First Franklin Loan Trust, Mortgage Loan Asset Backed
Certificates, Series 2007-2.

[2]　　　Because Plaintiff filed his Amended Complaint, Defendants' Motion to
Dismiss the original Complaint is moot.  See, e.g., Sheppard v. Bank of Am., NA,

recommends that Plaintiff's Motion to Remand [12] be denied, and Defendants'

Motion to Dismiss [10] Plaintiff's Amended Complaint [7] be granted.

I.    **BACKGROUND**[3]

On January 4, 2007, Plaintiff executed, in favor of First Franklin Financial

Corporation ("Franklin"), a promissory note in the amount of $273,750, and a

security deed ("Security Deed") to real property located at 1807 Jacksons Creek

Drive, Marietta, Georgia 30068 (the "Property").  Plaintiff executed the Security

Deed in favor of MERS, as nominee for Franklin and Franklin's successors and

assigns.

On September 9, 2009, MERS assigned its rights, title, and interest in the

Security Deed to U.S. Bank ("Assignment").

On December 4, 2012, U.S. Bank, pursuant to the power of sale in the

Security Deed, conducted a foreclosure sale of the Property.

On October 23, 2013, Plaintiff, who is represented by counsel, filed his

No. 1:11-CV-4472-TWT, 2012 WL 3779106, at *4 (N.D. Ga. Aug. 29, 2012); see
also Lowery v. Ala. Power Co., 483 F.3d 1184, (11th Cir. 2007) ("[A]n amended
complaint supersedes the initial complaint and becomes the operative pleading in
the case.").  As noted by the Magistrate Judge, Plaintiff's Motion for Oral
Argument [6] is also denied as moot because it was filed in state court and was
mistakenly docketed as a pending motion before this Court.  (See [11]).

[3]    The facts are taken from the R&R and the record.  The parties have not
objected to any facts set out in the R&R, and finding no plain error in the
Magistrate Judge's findings, the Court adopts them.  See Garvey v. Vaughn, 993
F.2d 776, 779 n.9 (11th Cir. 1993).

Complaint in the Superior Court of Cobb County, Georgia, asserting claims for wrongful foreclosure (Count I) and declaratory relief (Count II).[4]  Plaintiff also named as defendants WRI Property Management, LLC ("WRI") and Colfin AI-GA1 ("Colfin").  The parties do not dispute that WRI and Colfin are citizens of Georgia.

On September 10, 2014, the Superior Court of Cobb County issued an order ("September 10th Order") [5] dismissing WRI and Colfin from this action.

On September 15, 2014, Plaintiff filed his Amended Complaint, abandoning his claim for declaratory relief.  The Amended Complaint asserts a single claim for wrongful foreclosure.

On October 10, 2014, Defendants removed the Cobb County Action to this Court based on diversity jurisdiction [1].

On October 17, 2014, Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint.[5]

On November 9, 2014, Plaintiff filed his Motion to Remand.[6]  Plaintiff asserts that Defendants' removal was untimely because the state court dismissed Colfin as a defendant during an "oral hearing," several weeks prior to entry of the

---

[4]     No. 13-1-9200-33.

[5]     Plaintiff did not respond to Defendants' Motion, and pursuant to Local Rule 7.1B, Defendants' Motion is deemed unopposed.  See LR 7.1B, NDGa.

[6]     The Court notes that Plaintiff's Motion to Remand is unsigned.

3

September 10th Order.  (Mot. to Remand at 2).  Plaintiff asserts further that

Defendants violated 28 U.S.C. § 1446(a) by not "procur[ing] a copy of *all* records

[from] [the state court] proceedings," including the "transcript of the [oral]

hearing" where, Plaintiff asserts, the state court dismissed Colfin.  (Id. at 2-3).

Plaintiff did not submit any evidence to support his assertion that Defendants'

removal was untimely or procedurally defective.[7]

On March 17, 2015, the Magistrate Judge issued his R&R, recommending

that Defendants' Motion to Dismiss be granted.

The parties did not object to the R&R.

## II.    DISCUSSION

### A.    Legal Standard for Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1);

Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied,

459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of

---

[7]    Plaintiff asserts that he "ordered a transcript of [the] said [oral] hearing and will provide it to this Court as soon as it becomes available."  (Id. at 2).  As the Magistrate Judge noted, Plaintiff never "file[d] a copy of the promised transcript, proof of a state-court docket entry indicating that the [state] court had orally dismissed Colfin from the case [prior to September 10, 2014], or even an affidavit testifying to the factual representations contained in his brief."  (R&R at 6).

those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  The parties have not objected, or otherwise responded to, the R&R and the Court thus conducts a plain error review of the record.

        B.      Plaintiff's Motion to Remand

                1.      Legal Standard

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  The Court's jurisdiction in this case is premised on diversity of citizenship, which authorizes federal jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  The parties do not dispute that complete diversity exists among the parties or that the amount in

controversy requirement is satisfied.[8]  Plaintiff instead argues that Defendants did

not satisfy the procedural requirements for removal.

An action is removable in two types of cases: "(1) those removable on the

basis of an initial pleading; and (2) those that later become removable on the basis

of 'a copy of an amended pleading, motion, order or other paper.'"  Lowery v. Ala.

Power Co., 483 F.3d 1184, 1212 (11th Cir. 2007).  "[I]f the case stated by the

initial pleading is not removable, a notice of removal may be filed within 30 days

after receipt by the defendant . . . of a copy of an amended pleading, motion, [or]

order . . . from which it may first be ascertained that the case . . . has become

removable."  28 U.S.C. § 1446(b)(3).

2.     Analysis

Magistrate Judge Baverman found that this action first became removable on

September 10, 2014, when the Superior Court of Cobb County dismissed WRI and

Colfin—the two Georgia Defendants—from this action, thus creating diversity of

citizenship among the remaining parties.[9]  Because Defendants removed the Cobb

---

[8]     Plaintiff does not dispute that Plaintiff is a citizen of Georgia, MERS is a
citizen of Delaware and Virginia, and U.S. Bank is a citizen of Minnesota.
(See [1] ¶¶ 10-12).

[9]     In his Motion to Remand, Plaintiff alleges only that Colfin—and not WRI—
was "orally dismissed" from this case prior to the September 10th Order.  Even if
Plaintiff could show that Colfin was dismissed from this action prior to the

County Action to this Court on October 10, 2014, within 30 days of the September 10th Order, Magistrate Judge Baverman concluded that removal was timely. Magistrate Judge Baverman recommended that Plaintiff's Motion to Remand be denied, and the Court finds no plain error in his findings or recommendation. <u>See</u> 28 U.S.C. § 1446(b)(3); <u>Palmer</u>, 22 F.3d at 1564. Plaintiff's Motion to Remand is denied.

### C. <u>Defendants' Motion to Dismiss</u>

#### 1. <u>Legal Standard</u>

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." <u>Wooten v. Quicken Loans, Inc.</u>, 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." <u>Aldana v. Del Monte Fresh Produce, N.A.</u>, 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting <u>S. Fla. Water Mgmt. Dist. v. Montalvo</u>, 84 F.3d 402, 408 n.10 (1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. <u>See Am. Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1290 (11th Cir. 2010)

---

September 10th Order, diversity jurisdiction could not exist until Colfin *and* WRI were dismissed. <u>See</u> Palmer<u>, 22 F.3d at 1564.</u>

7

(construing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570)).  Mere "labels and conclusions" are insufficient.  <u>Twombly</u>, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct."  <u>Am. Dental</u>, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible."  <u>Id.</u> at 1289 (quoting <u>Twombly</u>, 550 U.S. at 570).

      2.   <u>Analysis</u>

Magistrate Judge Baverman found that the crux of Plaintiff's wrongful foreclosure claim is based on his assertion that MERS, as grantee and nominee of Franklin, lacked authority to assign the Security Deed to U.S. Bank.  Magistrate Judge Baverman found that relief cannot be granted on this claim because, under Georgia law, Plaintiff lacks standing to challenge the Assignment, and, even if he

had standing, Georgia courts have repeatedly rejected the argument that MERS, as

grantee and nominee of the original lender, cannot effect assignment of a security

deed.  Magistrate Judge Baverman recommended that Plaintiff's wrongful

foreclosure claim be dismissed pursuant to Rule 12(b)(6), and the Court finds no

plain error in this recommendation.  See Larose v. Bank of Am. N.A., 740 S.E.2d

882, 884 (Ga. Ct. App. 2013); Montgomery v. Bank of Am., 740 S.E.2d 434, 437

(Ga. Ct. App. 2013) ("the security deed expressly conveyed title to the interests in

the security deed to MERS, gave MERS the right to invoke the power of sale, and

authorized MERS to assign its rights and interests in the security deed").[10]

Defendants' Motion to Dismiss is required to be granted.

---

[10]     Plaintiff's claim that he "was not in default with the U.S. Bank," appears to be based on his argument that the Assignment was not valid and therefore U.S. Bank lacked interest in the Note or Security Deed.  It does not appear, and Plaintiff does not assert, that he is current on his loan obligations.  Failure to make the proper loan payments or tender the amount due defeats any claim for wrongful foreclosure.  See Harvey v. Deutsche Bank Nat'l Trust Co., No. 1:12-cv-1612, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure."); Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842 (Ga. Ct. App. 2004) (plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on its loan payments, failed to cure default, and did not bid on property at foreclosure sale).  Plaintiff's wrongful foreclosure claim must be dismissed for this additional reason.

III.    **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's

Final Report and Recommendation [14] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand [12] is

**DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [10]

Plaintiff's Amended Complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [4]

Plaintiff's original Complaint and Plaintiff's Motion for Oral Argument [6] are

**DENIED AS MOOT**.

**SO ORDERED** this 28th day of July, 2015.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE